UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ANTHONY HALE, # 182038,

    Petitioner,

Case No. 11-cv-10751

v.

HONORABLE STEPHEN J. MURPHY, III

CAROL HOWES,

    Respondent.

_____/

**ORDER TRANSFERRING PETITION TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner James Anthony Hale, a state prisoner incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a pro se habeas petition challenging his 1987 convictions for first-degree criminal sexual conduct and assault with intent to commit murder, following a bench trial in Wayne County, Michigan, Circuit Court. Hale was sentenced to sixty to one-hundred years in prison.

In the instant petition, Hale claims only that the trial court erred in concluding that he did not present new evidence or sufficient jurisdictional challenges which would entitle him to file a second motion for relief from judgment.

Hale filed a previous habeas petition on April 4, 2005, challenging the same convictions and sentences. In his 2005 habeas pleadings, he raised the following four claims: (1) ineffective assistance of trial counsel, (2) error by the trial court in denying his motion for a directed verdict, (3) prosecutorial misconduct, and (4) improper sentencing. The petition was denied. *Hale v. Burt*, No. 05-CV-71301-DT (E.D. Mich. Feb. 15, 2007). The Sixth Circuit subsequently denied a certificate of appealability. *Hale v. Burt*, No. 07-1571 (6th Cir. 2008).

For the reasons stated below, the Court concludes that it must transfer the instant petition to the Sixth Circuit as a second petition.

## BACKGROUND FACTS

Hale was originally charged with first-degree murder and first-degree criminal sexual conduct. He was acquitted of the first-degree murder charge but convicted as stated above. The facts were outlined in the Michigan Court of Appeals's decision and are presumed to be correct under 28 U.S.C. § 2254(e)(1). They are as follows:

> The victim in this case was defendant's eleven-year-old sister LaTonya. Trial testimony indicated that defendant arrived at his father's house, where LaTonya lived, at about 10 p.m. Defendant's and LaTonya's father, Wesley Davis, arrived home at approximately 11:30 p.m. While in the kitchen, Davis heard a crashing noise from upstairs and went to investigate. Defendant burst from LaTonya's room and hit his father over the head with a television set. A struggle ensued and defendant then fled. LaTonya was discovered lying on her bedroom floor, mostly nude and with a very weak pulse. Her room was in disarray, her clothes had been torn, and she was bleeding from her nose, ear, and mouth. LaTonya died shortly thereafter.
>
> The medical examiner testified that LaTonya died as [a] result of being smothered or strangled, and that such a manner of death would take minutes to achieve. He found an obstruction of the airway and bruising on the front and back of the neck muscles. There was also evidence that LaTonya was sexually assaulted in the time period shortly before death.
>
> Defendant's first statement to the police was that he tried to keep the victim quiet by placing his hand over her mouth. At trial, however, defendant testified he left a friend at the house and when he returned he found his sister unconscious and his nowhere to be found.

*People v. Hale*, No. 105525 (Mich. Ct. App. Aug. 30, 1989).

The Court of Appeals affirmed his convictions and sentences. *Id. at* *1-2. His application for leave to appeal that decision was denied by the Michigan Supreme Court on April 30, 1990. *People v. Hale*, No. 87247 (Mich. Apr. 30, 1990). Hale did not file a writ of certiorari with the United States Supreme Court.

Hale then filed a post-conviction motion with the state court, which was denied.

*People v. Hale*, No. 87-03654 (Wayne County Circuit Court, May 23, 2003). The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal that decision. *People v. Hale*, No. 252900 (Mich. Ct. App. July 9, 2004); *People v. Hale*, 471 Mich. 953 (2004).

Hale filed his first habeas petition in 2005. He filed this second habeas petition on February 23, 2011.

## DISCUSSION

Hale's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and therefore, his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate circuit court for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a prima facie showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually meet the statutory standard). A "successive" petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A "second" petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). Both require pre-approval from the circuit court before filing in a district court.

3

Here, Hale filed a previous habeas petition challenging the same convictions at issue in the instant petition on new and different grounds, which makes this his second habeas petition. Hale has not obtained appellate authorization to file a second petition, as is required by 28 U.S.C. § 2244(b)(3)(A). Rather than dismiss the action, however, the Court will transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk shall **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 15, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager